**Preston THOMPSON, Petitioner,**
v.
**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-52-L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

April 15, 1969.

contractual relations or administrative procedures existing between the States and the United States Government.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* by Preston Thompson, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is presently serving a twenty year sentence pursuant to his conviction in the Amherst County Circuit Court on October 29, 1945, for murder in the first degree. The present sentence has not expired due to parole violations. Petitioner did not appeal from his conviction. In March of 1966, petitioner brought an action in the Virginia Supreme Court of Appeals for a writ of habeas corpus, whereupon the court ordered a habeas corpus proceeding in the Circuit Court of Amherst County Circuit Court. After a full plenary hearing, the Amherst County Circuit Court denied the writ. Petitioner then filed a petition for writ of habeas corpus in this court which was denied and dismissed without prejudice since petitioner had not exhausted his state remedies. Thereafter the petitioner filed in the Virginia State Court of Appeals for a writ of error to the Amherst County Circuit Court judgment. The Virginia State Court of Appeals denied the writ thereby affirming the Amherst County Circuit Court ruling. Thus petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C. A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner alleges that his constitutional rights were violated in at least three instances at the murder trial in the Amherst County Circuit Court as follows:

1. At the time of petitioner's arrest he was seventeen years of age and his case was at no time referred to juvenile authorities.

2. Petitioner was a victim of ineffective counsel since counsel did not file a timely appeal.

3. Petitioner was tried by a jury where negroes were systematically excluded from the selection of jurors.

■ After studying the record of the habeas corpus proceeding before the Amherst County Circuit Court, this court feels that the material facts were adequately disclosed so as to render any further hearing in the matter before this court unnecessary and redundant. The court has adequate evidence upon which to render its decision. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ The petitioner's first and most noteworthy allegation concerns the fact that the juvenile authorities were not involved and he was thus denied due process of law. The foundation of this claim is found in the case of Tilton v. Commonwealth, 196 Va. 774, 85 S.E.2d 368 (1955). In this case the Virginia State Court of Appeals points out that when a juvenile is tried in a court of record, such court "in all cases" shall require a full and complete investigation of the child's physical, mental and social condition and personality as required by the Code of Virginia 1950 § 16–172.1, 16–172.41 to 16–172.43. In the petitioner's trial this was not done. The controlling question concerning this first allegation is whether or not such a statutory law requiring an investigation by juvenile authorities was in effect when the petition was tried in 1945. Upon extensive research this court finds that such statutory or case law requiring such an investigation or handling of the case by juvenile authorities prior to the trial in the court of record did not exist in 1945. The controlling case which points out the jurisdictional juvenile requirements in 1945 is Mickens v. Commonwealth, 178 Va. 273, 16 S.E.2d 641 (1941). In this case the court points out that the regular criminal procedure and original jurisdiction of circuit courts in felony cases of an aggravated nature are retained in the case of a child who has committed a grave offense. The controlling law at the time of petitioner's trial was § 1910 of the Virginia Code 1942. This section clearly reveals the legislative intent to leave the prosecution and punishment of a minor between 12 and 18 years of age for an aggravated offense to the discretion of a jury or a court trying the case without a jury. If the evidence in such case establishes the

aggravated nature of a felony, then the quantum of punishment must be within the limits fixed by statute for the particular crime. Jones v. Commonwealth, 184 Va. 679, 36 S.E.2d 571 (1946).

Therefore, it is noted that at the time the petitioner was tried for murder in 1945 there was no requirement for a juvenile proceeding. This court is of the opinion that the trial court followed the proper procedure and law at that time and therefore the petitioner's first allegation is without merit.

Petitioner's second allegation is also without merit. This court does not find any evidence presented on behalf of the petitioner tending to show ineffective representation. Upon a review of the transcript of record from the habeas corpus proceeding this court finds that neither the petitioner nor any of his family indicated any desire to appeal the case. Certainly an attorney is not negligent or lacking in effectiveness for not appealing when the client did not indicate a desire to do so and the attorney did not strongly advise it. The court further notes that petitioner hired counsel in the case and the rule established in Hoffler v. Peyton, 207 Va. 302, 304, 149 S.E.2d 893 (1968) is controlling.

The petitioner's third allegation is that he was tried by a jury where negroes were systematically excluded from the selection of jurors. The petitioner has failed to produce any evidence to substantiate this allegation. The testimony shows that negroes were on the jury list and the petitioner has done nothing more than allege their exclusion.

For the reasons stated in this opinion, and upon mature consideration of the facts relied upon by petitioner in the case at bar, the court finds that petitioner received effective representation and a fair and impartial trial with due process of law in which none of his constitutional rights were denied him.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is, denied.

The clerk of this court is directed to send a certified copy of this opinion and judgment to petitioner and to the respondent.