Otha TAYLOR, Petitioner,

v.

A. E. SLAYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 72-C-14-R.

United States District Court,
W. D. Virginia,
Roanoke Division.
March 30, 1972.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

Pursuant to 28 U.S.C. § 2241, Otha Taylor petitions this court for a writ of habeas corpus to terminate his alleged illegal confinement in the Virginia state prison system. Leave to proceed *in forma pauperis* has been granted.

Taylor was convicted of first degree murder in the Circuit Court of Roanoke County on December 3, 1969, and sentenced to a 99 year term in the State Penitentiary. The conviction was reached after a jury trial at which petitioner represented by court-appointed counsel entered a plea of not guilty. On appeal the Virginia Supreme Court affirmed the conviction by denying petitioner's writ of error and supersedeas.

In this petition Taylor alleges several errors, to wit: 1) improper exclusion for cause of jurors opposed to the death penalty; 2) prejudicial remarks of the Commonwealth's Attorney; 3) systematic exclusion of Negroes from grand and petit juries; and 4) ineffective assistance of counsel. Petitioner has raised these claims in a prior habeas corpus petition filed in the Circuit Court of Roanoke County, which dismissed the

petition on June 20, 1971. Taylor's appeal from that judgment was dismissed by the Virginia Supreme Court for his failure to perfect it in the manner prescribed by law. Although petitioner has failed to comply with the exhaustion requirements prescribed by 28 U.S.C. § 2254, this court does not feel that a review of the petition on its merits in this proceeding will either violate the spirit of that provision or amount to a breach of comity between this court and the Virginia State Courts.[1] See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

█ In support of his first claim, petitioner relies upon Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L. Ed.2d 776 (1968), which held that a death sentence cannot constitutionally be executed if it was imposed by a jury from which have been excluded for cause those prospective jurors who are opposed to capital punishment or have conscientious scruples against imposing the death penalty. The *Witherspoon* case is not applicable to petitioner's case because the jury did not impose, nor did petitioner receive a sentence of death. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Since petitioner adduces no evidence that the jury was otherwise "prosecution prone", this claim is without merit.

█ The alleged prejudicial remark of the Commonwealth's Attorney was in fact his question to the petitioner while on the stand as to whether or not petitioner had previously been convicted of a felony. After petitioner's affirmative reply, the Commonwealth's Attorney no longer pursued the line of inquiry. The claim has no merit. When petitioner testified in his own behalf, he assumed a position similar to any other witness, and in order to impeach his testimony it was proper for the Commonwealth's Attorney to inquire about petitioner's prior record. Va.Code Ann. § 19.1–265; e. g.

McLane v. Commonwealth, 202 Va. 197, 116 S.E.2d 274 (1960). Furthermore, the trial judge properly instructed the jury about the effect of a past felony conviction upon their decision.

█ Petitioner's allegation that Negroes have been systematically excluded from jury service in Roanoke County is no more than a broad conclusion and a statement of law. Nowhere does he allege any facts to support this claim, nor is there any evidence in the record to sustain it. Petitioner's naked assertion clearly does not afford a sufficient basis for this court to grant the relief requested. Thompson v. Peyton, 299 F. Supp. 611 (W.D.Va.1969).

██ Petitioner finally claims that he was deprived of effective representation because counsel failed to properly investigate the case, because counsel failed to advise him that he had a right to remain silent and because he did not warn petitioner that if he testified the Commonwealth's Attorney could inquire about his prior criminal record. These claims also are without merit. First, petitioner does not indicate what information counsel failed to obtain in order to prepare his case. Moreover, the transcript shows that counsel conducted a vigorous and knowledgeable defense. Second, both the trial judge and counsel advised petitioner, before he took the stand and out of the jury's presence, that he did not have to testify, that the presumption of his innocence would not be altered by his failure to testify and that anything that he said could be used against him. Petitioner thus knowingly waived his right to be silent. Finally, petitioner clearly wanted to testify on his own behalf, even after counsel warned him that the jury would use any unfavorable testimony against him. Furthermore, the trial court, as noted, instructed the jury as to the limited effect of petitioner's admission. If in fact counsel did not warn petitioner about

---

1. Taylor has in fact met the requirements of 28 U.S.C. § 2254 as to the first claim, having presented it *inter alia* to the Virginia Supreme Court in his direct appeal.

the possible scope of inquiry on cross examination, the failure to do so, in view of counsel's otherwise competent defense, does not amount to such ineffective representation as to deprive petitioner of a constitutional right.

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed.