## Richmond

FRANK LOUIS HARRIS v. COMMONWEALTH OF VIRGINIA.

April 26, 1971.

Record No. 7463.

Present, All the Justices.

*John B. Gilmer*, for plaintiff in error.

*William P. Robinson, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General; C. Tabor Cronk, Assistant Attorney General*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Defendant, Frank Louis Harris, was found guilty by a jury of uttering a forged instrument and his punishment fixed at six years in the penitentiary. Defendant was sentenced in accordance with the jury's verdict, and he is here on a writ of error.

Defendant contends that the trial court erred in (1) admitting evidence of an offense similar to the one for which he was on trial; and (2) refusing to set aside the verdict because the evidence was insufficient to sustain his conviction.

The evidence shows that on January 26, 1968, the defendant, identifying himself as James Sandford, cashed a check at the Gem International Tire Store in Richmond. The check was drawn on the Virginia National Bank of Dillwyn, payable to cash in the amount

of $458, and purportedly drawn by W. F. Foster. Foster's signature had been forged.

"Shortly thereafter" the defendant again appeared in the store and attempted to cash another check in the amount of $150. He identified himself to Harold Shropshire, the store manager, as A. G. Berkley, the drawer of the check. Shropshire, believing that the defendant was the same man who had cashed the $458 check, asked him to wait in his office. He then called the Berkley residence from another office. While Shropshire was calling the Berkley residence the defendant left the store.

Defendant admitted that he cashed the $458 check; that he attempted to cash the one for $150; and that he had falsely identified himself on both occasions. He stated that he received the checks from three Sandford brothers, who were in the used tire business, and that he did not know the payors' signatures were forged.

Defendant contends that the evidence relating to his attempt to cash the $150 check, which occurred after the offense for which he was being tried, was inadmissible.

We have many times held that evidence showing or tending to show the guilt of an accused of offenses committed at other times is inadmissible when its purpose is to show the character of the accused or his disposition to commit an offense similar to that charged; but evidence of other offenses is admissible when used "to show motive, intent, or guilty knowledge, or when it is connected with or leads up to the offense for which the accused is on trial." *Roy* v. *Commonwealth*, 191 Va. 722, 726, 62 S.E.2d 902, 903 (1951). See *Bullock* v. *Commonwealth*, 205 Va. 558, 561, 138 S.E.2d 261, 263 (1964).

Section 18.1-96, Code of 1950, 1960 Repl. Vol., provides:

"If any person forge any writing * * * or utter, or attempt to employ as true, such forged writing, *knowing it to be forged*, he shall be confined in the penitentiary not less than two years nor more than ten years * * *." (Emphasis added.)

When guilty knowledge is an essential element of an offense charged, as here, evidence of acts committed by the accused and of his conduct at or about the time of the offense charged which tends to establish his knowledge is admissible, even though such evidence shows or tends to show an offense other than that charged. This rule has been applied to offenses committed before and after the date of

the offense for which the accused is on trial. 29 Am.Jur.2d, Evidence, § 323 at 374 (1967); 22A C.J.S., Criminal Law, § 685 at 760-64 (1961).

Here the evidence shows that both checks were forgeries; that the defendant falsely identified himself when the checks were presented; and that defendant's attempt to cash the $150 check occurred "shortly" after the first check was cashed. The evidence complained of was clearly admissible as tending to show a general scheme or guilty knowledge and fraudulent intent on the part of the defendant.

There was ample evidence from which the jury could conclude that the defendant uttered a forged instrument, knowing it to be forged, and the judgment of the court below is

*Affirmed.*