**Richmond**

MARVIN MORTON

v.

COMMONWEALTH OF VIRGINIA

No. 0540-90-2

Decided September 3, 1991

COUNSEL

Benjamin H. Woodbridge, Jr. (Woodbridge & Reamy, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from a conviction of possession of cocaine with intent to distribute. The defendant contends that the evidence was insufficient to support a finding that he intended to distribute the cocaine. We conclude that the evidence was insufficient from which to infer beyond a reasonable doubt that the defendant intended to distribute the cocaine in his possession.

At the defendant's trial, a Fredericksburg detective testified that while he was conducting a drug surveillance of an apartment complex, he saw a car "pull up into the complex and back into a parking space." He then saw the defendant walk up to the passenger's side of the car and engage in a conversation with the passenger. The detective, observing these events through binoculars at a distance of approximately two hundred yards, saw the defendant take a small plastic bag out of his front pants pocket and put it inside the car window. After a few seconds, the defendant "stepped back from the car and held the item in his hand." As the defendant walked away from the car, the detective saw him put the plastic bag back into his pants pocket for a moment and then take it out of his pocket, hold it up and look into it.

The detective then radioed to another detective describing what he had seen. The second detective, closer to the scene, spotted the defendant within ten seconds of receiving the radio call from the first detective. When the second detective approached the defendant, the defendant "turned and ran in the opposite direction." The detective pursued him and while about ten feet behind him, saw the defendant make "a throwing motion of his right hand." After the defendant was apprehended, the detective returned to the area where he had seen the defendant make the throwing motion and found a plastic bag containing "several off-white rocks" which a later laboratory report confirmed was 3.33 grams of cocaine.

The defendant, while conceding that the evidence was sufficient to support a finding that he possessed cocaine, argues that it was insufficient to show that he did so with an intent to distribute it. The Commonwealth, relying on the observations of the first detective, argues that the evidence was sufficient to permit the trial court to infer that when the defendant handed the plastic bag into the car he "exhibited his wares for inspection and sale to the car's occupant." Other than this conduct, no evidence tends to show

that the defendant possessed the cocaine with an intent to distribute it. Therefore, only if the inference suggested by the Commonwealth is reasonable is the evidence sufficient to find that the defendant possessed the cocaine with the intent to distribute it.

■ Direct proof of intent to distribute a controlled substance is often unobtainable, and proof of such intent must often be shown by circumstantial evidence. *Servis v. Commonwealth*, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Where evidence of an intent to distribute is entirely circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." *Id.* (quoting *Wells v. Commonwealth*, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986)). Thus, the sufficiency of circumstances to prove an intent to distribute depends upon the inferences permissible from those circumstances.

■ Inferences and presumptions are elemental ingredients of the fact finding process. *County Court of Ulster v. Allen*, 442 U.S. 140, 156 (1979). An inference or presumption permits a finder of fact to conclude the existence of one fact from the proof of one or more other facts. *Carter v. Hercules Powder Co.*, 182 Va. 282, 292, 28 S.E.2d 736, 740 (1944).

■ Either a statute or the common law may give rise to an inference or a presumption. *See Barnes v. United States*, 412 U.S. 837, 844 (1973). In either instance, such inferences must satisfy due process standards. *Id.* Although common law inferences present fewer constitutional problems, the reasoning applicable to statutory inferences is equally applicable to common law inferences. *Id.* at 846 n.8.

■ An inference or presumption may be either mandatory or permissive. If mandatory, a trier of fact "must find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts." *Allen*, 442 U.S. at 157. If permissive, as in this case, a trier of fact is "free to credit or reject the inference." *Id.*

■ A "natural and rational evidentiary relationship" must always exist "between the fact proven and the ultimate fact presumed." *Sharp v. Commonwealth*, 213 Va. 269, 271, 192 S.E.2d

217, 219 (1972) (quoting *Burnette v. Commonwealth*, 194 Va. 785, 790, 75 S.E.2d 482, 485 (1953)). If the inference is permissive, and there is other evidence of guilt, the rational relationship is sufficient if "the presumed fact is *more likely than not* to flow from the proved fact on which it is made to depend." *Leary v. United States*, 395 U.S. 6, 36 (1969) (emphasis added). However, even if the inference is permissive, if the only evidence of guilt is that which gives rise to the inference, a rational relationship must exist, *beyond a reasonable doubt*, between the inference and the proved fact. *Allen*, 442 U.S. at 166-67; *West v. Wright*, 931 F.2d 262, 265 (4th Cir. 1991); *see also Sharp*, 213 Va. at 272, 192 S.E.2d at 219.

This difference results from the burden of proof. If the inferred fact is the only evidence supporting proof of an element of the crime charged, the relationship between the inferred fact and the proven fact must be beyond a reasonable doubt, the required burden of proof. *Allen*, 442 U.S. at 167. If, however, other evidence also tends to prove the element of the crime required to be proven, the probative weight of the inferred fact need be no greater than that required of any other evidence admitted for consideration by the trier of fact, so long as all of the evidence proves the element beyond a reasonable doubt. *Id.*

The defendant does not contest that the trier of fact could reasonably have inferred that the bag containing cocaine found along the defendant's path of flight was his. However, to find that the defendant intended to distribute this cocaine under the Commonwealth's theory, the trier of fact must also be able to infer that this bag was the same bag which the defendant handed into the car window and, further, that the bag contained cocaine when placed in the car.

Since the bag contained cocaine when it was found, it is reasonable to assume that it contained cocaine when the occupants of the car handed it back to the defendant. However, the evidence does not reveal whether the bag contained cocaine before it was placed in the car. The cocaine may have been put in the bag by the occupants of the car or, as suggested by the Commonwealth, may have already been in the bag when placed in the car, or the bag the defendant gave to the occupants of the car may have been a different one than that which the occupants handed to the defendant.

■ To measure the likelihood of occurrence of an inferred fact, a court may rely on "common experience," *see Carter*, 182 Va. at 292, 28 S.E.2d at 740, or the evidence in the case. No evidence in the record established the methodology used in selling controlled substances, and "common experience" teaches little or nothing of this subject.

The defendant's other actions are not revealing. His visual examination of the bag and its contents after he departed from the car may have been prompted by his desire to examine what he had just received as a result of placing the bag into the car or, as argued by the Commonwealth, to ensure that the occupants of the car had not taken more cocaine from the bag than the amount the defendant had agreed to sell to them. The fact that the defendant exposed all of his valuable merchandise to an added risk of loss by placing the whole contents of the bag into the car tends to support the inference that the bag was empty rather than full.

■ Thus, a rational juror would be unable to decide, without speculation, whether the bag was full or empty when the defendant handed it to the occupants of the car. Where an inference supporting guilt is no more likely to arise from a proven fact than one favoring innocence, the inference of guilt is impermissible. *See Crisman v. Commonwealth*, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955).

Furthermore, in this case, even if it can be said that it is more likely than not that the bag was full rather than empty when the defendant gave it to the car's occupants, the inference is still insufficient to support the finding. No other evidence exists from which the finder of fact could conclude that the defendant intended to distribute the cocaine; therefore, the inference must be tested by the more stringent "beyond a reasonable doubt" standard instead of the "more likely than not" test. Without more facts, a rational juror could not have found, beyond a reasonable doubt, that the bag was full when the defendant handed it to the occupants of the car.

We conclude, therefore, that the evidence was insufficient to prove that the defendant possessed the cocaine with an intent to distribute it. The judgment of conviction is reversed and the matter is remanded so that the Commonwealth may proceed against

the defendant with a lesser included offense if it so chooses.

*Reversed and remanded.*

Benton, J., and Elder, J., concurred.