COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Bray
Argued at Richmond, Virginia


MARK EDWARD ROBINSON
                                    MEMORANDUM OPINION[*] BY
v.     Record No. 0572-95-3        JUDGE JAMES W. BENTON, JR.
                                         FEBRUARY 20, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge

          Elizabeth P. Murtagh, Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Brian Wainger, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Monica S. McElyea, Assistant Attorney
          General, on brief), for appellee.



     Mark Edward Robinson was convicted of possessing cocaine

with the intent to distribute in violation of Code § 18.2-248.

He contends that the evidence was insufficient to prove beyond a

reasonable doubt that he intended to distribute the cocaine.  We

agree and reverse the conviction.

     The evidence proved that Investigator P. K. Morris of the

Lynchburg Police Department received information that a man, who

was standing in front of a building on Church Street, possessed

cocaine.  The report stated that the man was wearing a black

t-shirt with "Jordan" written across it, blue jeans, and white

tennis shoes.  The investigator and three other officers drove to

---
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the area and observed Robinson fitting that description.  As the officers watched, Robinson walked in and out of a building three times.  After the officers drove towards Robinson and exited their vehicle, Robinson ran and threw a plastic bag to the ground.  The investigator followed Robinson and arrested him.  In a search of Robinson, the investigator recovered a razor blade from Robinson's wallet.  The white residue on the razor blade was not identified.

One of the officers recovered the plastic bag and saw that it contained over forty white chunks.  A laboratory analysis revealed that the bag contained 8.57 grams of cocaine.

The trial judge overruled Robinson's motion to strike the evidence.  The trial judge ruled that the evidence was sufficient to convict Robinson of possession of cocaine with intent to distribute.  Robinson appeals the finding of sufficient evidence to prove intent.

Where, as in this case, "evidence of an intent to distribute is entirely circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Morton v. Commonwealth, 13 Va. App. 6, 9, 408 S.E.2d 583, 584 (1991) (citation omitted).

> When the proof of intent to distribute
> narcotics rests upon circumstantial evidence,
> the quantity which the defendant possesses is
> a circumstance to be considered.  Indeed,
> quantity, alone, may be sufficient to
> establish such intent if it is greater than
> the supply ordinarily possessed for one's

> personal use.  However, possession of a small
> quantity creates an inference that the drug
> was for the personal use of the defendant.

Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (citation omitted).  As in all criminal prosecutions, the burden is upon the Commonwealth to prove beyond a reasonable doubt the elements of the offense.  In re Winship, 397 U.S. 358, 364 (1970); Morton, 13 Va. App. at 11, 408 S.E.2d at 586.

In the present case, the evidence proved only the quantity of cocaine.  No evidence established that the quantity was not consistent with personal use.  No other evidence tended to prove intent to distribute.

The Commonwealth argues that the trial judge could have inferred intent to distribute from the proof that Robinson went into the building several times.  We disagree.  That conduct, even when combined with Robinson's possession of cocaine, provides no foundation from which the trial judge could have inferred beyond a reasonable doubt that Robinson was entering the building for the purpose of distributing cocaine.  Accordingly, we reverse the conviction.

Reversed and remanded.