## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Joseph D. Babcock

August 20, 1996

Case No. CR96-001175

BY JUDGE CHARLES E. POSTON

This case is before the court on the motion of the Commonwealth to allow the testimony of certain witnesses concerning prior threats made to them by the defendant. For the following reasons, the Commonwealth's motion is denied.

The defendant, Joseph D. Babcock, is charged with the murder of Robert O. Wade, use of a firearm in the commission of that offense, and possession of a firearm by a convicted felon. Several witnesses are prepared to testify that on the day of the murder, Babcock threatened Wade in a conversation they had on the C.B. radio. However, the Commonwealth also seeks to introduce the testimony of several other witnesses concerning prior incidents where Babcock threatened these witnesses, also over the C.B. radio. The Commonwealth contends that this evidence is admissible because these prior threats prove the defendant's motive, intent, or premeditation to harm the victim in the present case and because the prior threats were part of the same course of conduct that culminated in the crime charged presently.

Evidence of prior crimes, wrongs, or bad acts by a defendant is generally inadmissible. *Kirkpatrick v. Commonwealth*, 211 Va. 269 (1970). The rationale is that such evidence tends to confuse the issues, unfairly surprises the accused with charges he is not prepared to meet, and prejudices the accused in the minds of the jury by suggesting his criminal propensity. However, despite the general rule, prior bad act evidence may be admitted when both the prior acts and the present crime are part of the same course of criminal conduct or when the prior conduct has some logical bearing on an

element or material issue of the present crime charged. Even in these instances, though, the evidence should only be admitted if its probative value outweighs its prejudicial effect. *Lewis v. Commonwealth*, 225 Va. 497 (1983).

The most common elements and issues for which prior bad act evidence is potentially admissible are: (1) to prove motive to commit the crime charged, *Stockton v. Commonwealth*, 227 Va. 124 (1984); (2) to establish guilty knowledge or to negate good faith, *Harris v. Commonwealth*, 211 Va. 742 (1971); (3) to negate the possibility of mistake or accident, *Moore v. Commonwealth*, 222 Va. 72 (1981); (4) to show the conduct and feeling of the accused toward his victim or to show their prior relations, *Hawks v. Commonwealth*, 228 Va. 244 (1984); (5) to prove opportunity, *Sutphin v. Commonwealth*, 1 Va. App. 241 (1985); (6) to prove identity of the accused as the one who committed the crime where the prior criminal acts are so distinctive as to indicate a modus operandi, *Spencer v. Commonwealth*, 240 Va. 78 (1990); (7) to demonstrate a common scheme, plan, or course of conduct, *Harris*, 211 Va. 742 (1971); (8) to prove intent, *Satcher v. Commonwealth*, 244 Va. 220 (1992); (9) to prove general knowledge, *Id.*; (10) to establish agency; (11) to show premeditation, *M. Smith v. Commonwealth*, 219 Va. 455 (1978); (12) to demonstrate malice, *Cheng v. Commonwealth*, 240 Va. 26 (1990); or (13) to prove any other element of the crime charged.

The threats made to Sharon Torbert, Beau Shallis, Matthew Grubbs, and Darryl Ussery are not parts of the same course of conduct as the threat and murder of Robert O. Wade. Virginia cases repeatedly mention that evidence of prior wrongful acts can be admitted when the prior acts are part of the same course of criminal conduct. However, this does not mean that mere similarity of the previous and current crimes nor mere closeness in time are sufficient to establish that the crimes are part of the same course of conduct. Instead, the Virginia cases admitting prior act evidence on this ground arise in situations where the two acts are so intertwined with each other that they cannot be logically separated, such as when they form parts of one transaction or incident, *see Scott v. Commonwealth*, 228 Va. 519 (1984) (allowing evidence of a rape committed by the defendant immediately following the commission of the crime being tried); *Williams v. Commonwealth*, 208 Va. 724 (1968) (refusing to exclude evidence of other acts committed in the same home on the same night as the crime being tried), or where the prior acts are so closely related to the current charge that proof of the prior acts serves to establish the motive or intent of the present crime.

In this case, Babcock's threats against these other individuals are clearly separable from the threat and murder of Robert Wade. Although the prior threats are similar in form to the threat involved in the current case and close

in time, the prior threats are not so intertwined with the issues involved in the present case that they should be admitted on that basis. The prior threats were all separate, independent incidents, occurring on different occasions and involving completely different victims. Babcock's prior threats lack the interrelatedness required by Virginia case law to justify a finding that the threats were part of the same course of criminal conduct as that resulting in the death of Robert Wade. Moreover, for the reasons discussed below the prior threats also fail to shed any light on the defendant's motive or intent to harm the victim in the present case.

The prior threats fail to establish Babcock's motive, intent, or premeditation to murder the victim in the instant case, Robert O. Wade. The closest case on point is *Strawderman v. Commonwealth*, 3 Va. App. 585, 352 S.E.2d 14 (1987). In *Strawderman*, the defendant was convicted of rape, malicious wounding, abduction, and use of a firearm in the commission of a felony. He contended that the trial court erred in refusing to grant a mistrial after the jury heard evidence that the defendant had previously threatened other people with guns. In affirming the conviction, the Court of Appeals held that it was error to allow the admission of the prior threats but that the trial court's instruction to the jury to disregard the evidence cured the error. The Court of Appeals explained that the prior threats made by Strawderman to other individuals constituted evidence of prior crimes which is generally admissible. Furthermore, the Court reasoned that, although the defendant claimed mistake in his defense to the crime charged, the prior threats to other individuals were not probative of any issues or elements in the present case. The prior threats were found to have no bearing on whether Strawderman intended, or mistakenly, hit his victim in the present case. Moreover, the Court found that even if the evidence was slightly probative, its prejudicial effect greatly outweighed the probative value.

Here, as in *Strawderman*, the issue is the admissibility of prior threats made to separate individuals. Under the same reasoning, the prior threats made by Babcock are not probative of any issues in the present case. These prior threats, involving completely different victims, have no bearing on Babcock's motive, intent, or premeditation in the killing of Robert Wade. Each threat was directed at a specific, identifiable individual, and it cannot be said that these prior threats provide any guidance in determining Babcock's motivations or feelings toward Wade. Nor were the prior threats against a class of individuals such that motive, intent, or premeditation to kill Wade could be inferred from the prior threats. Each threat was a separate, independent statement concerning a specific individual. Indeed, this is not even as close a case as *Strawderman*, as in that case mistake was an issue, while here mistake is not an issue.

The Commonwealth cites *Smith v. Commonwealth*, 239 Va. 243 (1990), in support of their contention that prior threats against others should be admissible. In *Smith*, the defendant was convicted of the murder of a police officer. On appeal, the Supreme Court upheld the conviction, finding that the trial court properly allowed testimony regarding several prior statements made by the defendant threatening other officers. The distinction between *Smith* and the present case is that in *Smith*, the prior threats, although made to specific individual police officers, were really directed against police officers generally and provided evidence of the defendant's animosity toward police officers generally. As a result, admission of the prior threats strongly tended to establish motive, premeditation, intent, and other relevant elements of the crime for which the defendant was convicted. In the present case, however, the prior threats made by Babcock did not threaten any group of which Wade was a member, and admission of this evidence would not contribute anything toward establishing Babcock's attitudes toward Wade. The prior threats were all directed at specific individuals, and unlike in *Smith*, nothing in the prior threats made by Babcock provides any basis for using them to establish any relevant elements of the crime charged in the present case.

Although not directly argued in the Commonwealth's brief, a closer case for admissibility of the prior threats would seem to be for the purpose of showing identity by way of a distinctive modus operandi to the crimes. When the device used to commit the crime, or the manner in which the crime was committed, is sufficiently distinctive, then the evidence of the other acts may be admitted in order to prove the perpetrator's identity, where such identity is in dispute. *Spencer*, 240 Va. 78 (1990). A modus operandi can apply not only to the commission of similar crimes, but also to the planning of the crimes. *Ferrell v. Commonwealth*, 11 Va. App. 380 (1990).

Here, there were similarities between the prior threats and the crime charged here. Specifically, Babcock's threats to Sharon Torbert, Beau Shallis, and the ultimate victim, Robert Wade, were all made over the C.B. radio, and all consisted of threats to come over and kill them and their families. However, *Spencer* requires that the other incidents be sufficiently idiosyncratic so as to allow an inference of a pattern to the crimes. From such a pattern, it is then proper for one to conclude that the crimes were probably committed by a common perpetrator. In the present case, nothing about the manner or content of Babcock's threats is sufficiently distinctive or idiosyncratic so as to allow the court to find a distinctive modus operandi to the acts. *See Henderson v. Commonwealth*, 5 Va. App. 125 (1987) (finding several early morning robberies of cigarettes from 7-Eleven stores not sufficiently distinctive to establish a modus operandi). Also, unlike in *Lafon v. Commonwealth*, 17 Va.

50

App. 411 (1993), the prior threats cannot be said to resemble a blueprint for the crime ultimately committed and charged.

The prior threat evidence does not fit within any exception to the general rule of inadmissibility. Moreover, the potential prejudice to the defendant significantly outweighs any slight probative value inherent in such evidence. While the court has already ruled that the C.B. radio conversations between the defendant and the victim, Robert O. Wade, are admissible, all other conversations referenced in the Commonwealth's motions are not admissible unless the defendant in his case "opens the door" for their admission.