COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


RONNIE JAMES GOODE
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1393-95-3     JUDGE SAM W. COLEMAN III
                                         OCTOBER 15, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Mosby G. Perrow, III, Judge

            Vanessa E. Hicks, Assistant Pubic Defender
            (Office of the Public Defender, on brief),
            for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        Ronnie James Goode was convicted in a bench trial for

possession of cocaine with intent to distribute in violation of

Code § 18.2-248.  Goode contends that the evidence is

insufficient to prove that he had the intent to distribute.  We

find that the evidence is sufficient and affirm the defendant's

conviction.

        On appeal, we review the evidence and all reasonable

inferences fairly deducible therefrom in the light most favorable

to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349,

352, 218 S.E.2d 534, 537 (1975).
                Where evidence of an intent to distribute is
                entirely circumstantial, "all necessary
                circumstances proved must be consistent with
                guilt and inconsistent with innocence and

_____
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

exclude every reasonable hypothesis of innocence."  Thus, the sufficiency of circumstances to prove an intent to distribute depends upon the inferences permissible from those circumstances. . . . If, however, other evidence also tends to prove the element of the crime required to be proven, the probative weight of the inferred fact need be no greater than that required of any other evidence admitted for consideration by the trier of fact, so long as all of the evidence proves the element beyond a reasonable doubt.

Morton v. Commonwealth, 13 Va. App. 6, 9-10, 408 S.E.2d 583, 584-85 (1991) (citations omitted).

The defendant contends that the circumstantial evidence, viewed in its most favorable light, proves that a drug sale was taking place between the defendant and the driver of the vehicle. He argues, however, that the evidence does not prove which of them was the seller and it does not exclude the hypothesis that he was purchasing cocaine, rather than distributing it.  We disagree.

The evidence presented was that the defendant was seen by Officers Riley and Sawyers running from the porch of a known drug house and entering the passenger side of a car.  When the officers approached the vehicle, they observed a twenty-dollar bill resting on the seat between the defendant and the driver. The defendant had his left hand clinched resting on his left knee.  Officer Riley asked the defendant to open his hand and he did so, revealing a plastic baggie containing a white, rock-like substance which in a field test proved to be cocaine.  The

defendant was arrested and a search incident to arrest revealed $110 in mixed bills in the defendant's right front pocket.

The defendant contends that this evidence alone is not sufficient to prove intent to distribute beyond a reasonable doubt. The defendant relies upon the decisions in Rice v. Commonwealth, 16 Va. App. 370, 429 S.E.2d 879 (1993) (holding possession of large amount of cash does not prove intent); Morton, 13 Va. App. 6, 408 S.E.2d 583 (1991) (holding defendant's approach of car did not exclude his being the buyer in transaction); and Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (holding amount of cocaine possessed too small to have intent to distribute) to support his contention. The circumstantial evidence in this case is not limited, as it was in Rice, Morton, and Stanley, to a single item of evidence of possessing a large amount of money, approaching a car, or having an amount of cocaine too small to distribute. Here a combination of factors preponderate to prove that the defendant was the seller, not the purchaser. "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)), cert. denied, 445 U.S. 972 (1980).

Officer Riley testified at trial without objection as to the

custom in the area and as to this particular location for selling drugs. He testified that

> [w]hat they do there is they wait for a customer to drive up and somebody will come out from the outside of the porch area of the house, come out to the vehicle, and make a drug transaction, and then the vehicle will leave. If nobody's there at that time the vehicle would either go by -- go to another location.

The defendant's actions at the time he was arrested matched this description of how drug sales were made. Moreover, the circumstances of the defendant leaving the house when a car approached, engaging in a drug transaction in which he had a rock of cocaine in his hand and a twenty-dollar bill was on the seat between him and the driver, and having $110 in mixed bills in his right front pocket, are sufficient to prove that he was the seller, rather than the buyer. The Commonwealth's evidence proved much more than that the defendant was present while a drug transaction occurred in an area that had a reputation for a high crime area, Riley v. Commonwealth, 13 Va. App. 494, 412 S.E.2d 724 (1993), as he exited a known crack house and engaged in a drug sale in a manner typical of drug dealers in that area.

Furthermore, Officer Riley testified that the driver of the vehicle told him at the scene that the defendant was attempting to sell him cocaine. Most importantly, Officer Sawyers testified that the defendant told him, when interviewed at the station house, that the twenty-dollar bill belonged to the driver of the vehicle and that the driver wanted to buy drugs. The defendant's

admission supports the inference that he was the seller in the transaction.

The evidence is sufficient to sustain the defendant's conviction for possession of cocaine with intent to distribute. Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>