COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


MICHAEL ALLEN BERRY

                                    MEMORANDUM OPINION* BY
v.    Record No. 0474-99-2         JUDGE LARRY G. ELDER
                                         MAY 2, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                  Paul M. Peatross, Jr., Judge

           Michael T. Hemenway for appellant.

           Virginia B. Theisen, Assistant Attorney
           General (Mark L. Earley, Attorney General;
           Jeffrey S. Shapiro, Assistant Attorney
           General, on brief), for appellee.


     Michael Allen Berry (appellant) appeals from his jury trial

convictions for two counts of rape and two counts of sodomy.  On

appeal, he contends the trial court erroneously refused to grant

a mistrial when a Commonwealth's witness testified that

appellant requested an attorney during a police interview.  He

argues that this testimony violated a pretrial ruling excluding

any statements appellant made after he asked to talk to a lawyer

and constituted improper comment on appellant's exercise of his

Fifth Amendment rights to legal counsel and to remain silent.

Based upon our ruling in Pulley v. Commonwealth, 31 Va. App.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

600, 525 S.E.2d 51 (2000), we hold that the testimony was improper, but given the trial court's exclusion of the testimony and prompt instruction to the jury to disregard it, that the court did not err in denying the motion for mistrial. Therefore, we affirm appellant's convictions.

"Whether to grant a mistrial rests within the discretion of the trial judge . . . ." Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 461 (1992) (en banc). Jurors are presumed to follow prompt cautionary instructions regarding the limitations to be imposed on evidence. See LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983). "The rule in Virginia is well established that a judgment will not be reversed for the admission of evidence which the court afterwards directs the jury to disregard unless there is a manifest probability that the evidence has been prejudicial to the adverse party." Asbury v. Commonwealth, 211 Va. 101, 104, 175 S.E.2d 239, 241 (1970). Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial court. See Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993). In reviewing on appeal "whether there is a manifest probability . . . [of prejudice], we look to the record as a whole." Strawderman v. Commonwealth, 3 Va. App. 585, 590, 352 S.E.2d 14, 17 (1987).

Appellant argues that the holding in Doyle v. Ohio, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976), required the

-

court to grant his motion for mistrial.  Based on our holding in

Pulley, in which we discussed the Court's clarification of Doyle

in subsequent decisions, we disagree.  See Greer v. Miller, 483

U.S. 756, 107 S. Ct. 3102, 97 L. Ed. 2d 618 (1987); Wainwright

v. Greenfield, 474 U.S. 284, 106 S. Ct. 634, 88 L. Ed. 2d 623

(1986).  Although subsequent decisions provide that Doyle

applies to requests for counsel as well pure invocations of the

right to silence,[1] they also make clear that no reversible error

occurred under the facts in appellant's case.

We noted in Pulley that what Doyle prohibits is "'the

evidentiary use of an individual's exercise of his

constitutional rights after the . . . assurance' of Miranda"

---

[1] As we observed in Pulley, "[t]he Court . . . noted that,
'[w]ith respect to post-Miranda warnings "silence," . . .
silence does not mean only muteness; it includes the statement
. . . of a desire to remain silent until an attorney has been
consulted.'"  31 Va. App. at 603, 525 S.E.2d at 53 (quoting
Greenfield, 474 U.S. at 295 n.13, 106 S. Ct. at 640 n.13).
Although this statement might be read to exclude a request for
an attorney made without an accompanying statement of a desire
to remain silent, in Pulley, we equated a request for an
attorney with a request to remain silent.  See id. at 603 & n.1,
525 S.E.2d at 53 & n.1.  The Court's ruling in Greenfield fully
supports this conclusion.  The Eleventh Circuit referred
specifically to Greenfield's exercise of his "rights to remain
silent and to request counsel."  Greenfield v. Wainwright, 741
F.2d 329, 336 (11th Cir. 1984) (emphasis added).  The Supreme
Court affirmed the judgment of the Court of Appeals without
express limitation, see 474 U.S. at 295, 106 S. Ct. at 640-41,
and two justices concurred in the result to make clear that they
did not join the expansion of Doyle to cover both silence and
requests for counsel, see 474 U.S. at 296, 106 S. Ct. at 641
(Rehnquist, J., joined by Burger, C.J., concurring); see also
Lindgren v. Lane, 925 F.2d 198, 202 (7th Cir. 1991) (evaluating
separately the defendant's post-arrest silence and request for
counsel).

-

that the exercise will not be used against him.  31 Va. App. at 603, 525 S.E.2d at 53 (quoting Greenfield, 474 U.S. at 295, 106 S. Ct. at 640).  In Pulley, we

> conclude[d] that [the] defendant's right to due process was not compromised by Investigator Thompson's mere mention [on the witness stand] that [the] defendant had once invoked his right to counsel.  The gratuitous comment was not responsive to the question posed to Thompson by the prosecution, and [the] defendant's prompt mistrial motion avoided any inquiry into the subject.  [The] [d]efendant, thereafter, opted to forego an instruction that the jury ignore the remark, and the prosecutor made no related argument to the jury or otherwise exploit[ed] the issue.  Thus, the words, though improperly spoken by the witness, were not "used" against [the] defendant in any respect . . . .  Moreover, the trial court promptly acted to scrupulously safeguard [the] defendant's due process rights.  Under such circumstances, the trial court correctly found no Doyle violation.

Id. at 605, 525 S.E.2d at 54.

In appellant's case, like in Pulley, the witness' mention of appellant's request for counsel was not used against him in any way.  Further, the trial court immediately instructed the jury to disregard the "statement [appellant made] to Detective Robinson about a lawyer."  See Greer, 483 U.S. at 759, 764, 107 S. Ct. at 3106, 3108.  Under these circumstances, appellant's constitutional rights were not violated.

-

For these reasons, we hold the trial court's refusal to grant appellant's mistrial motion was not erroneous, and we affirm appellant's convictions.

<u>Affirmed.</u>