COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


FRED WATKINS COLES, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0624-08-2               JUDGE LARRY G. ELDER
                                                    OCTOBER 27, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Joseph A. Sadighian, Senior Assistant Appellate Defender (Office of
the Appellate Defender, on briefs), for appellant.

Gregory W. Franklin, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Fred Watkins Coles, Jr. (appellant) appeals his bench trial convictions for uttering a forged

check in violation of Code § 18.2-172[1] and attempted grand larceny in violation of Code §§ 18.2-95

and -26.  On appeal, he argues that the evidence was insufficient to support his convictions.

Appellant further argues that it would violate his due process rights under the Fourteenth

Amendment to infer his guilty knowledge solely from the fact that he possessed the forged check.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The grand jury indictment originally charged appellant with forgery, a crime separate
and distinct from uttering that is also proscribed by Code § 18.2-172.  See Johnson v.
Commonwealth, 102 Va. 927, 929, 46 S.E. 789, 790 (1904).  At appellant's trial, the parties
agreed to amend the indictment so that appellant was charged with, and ultimately convicted of,
uttering a forged check.  However, the sentencing order incorrectly states that appellant was
convicted of forgery.  Because the transcript and amended indictment clearly indicate that
appellant was convicted of uttering and not forgery, we remand to the trial court for the sole
purpose of correcting the clerical error in the sentencing order.  See Tatum v. Commonwealth, 17
Va. App. 585, 592, 440 S.E.2d 133, 138 (1994).

Because the evidence supports the permissive inference that appellant knew the instrument was forged, we affirm his convictions, subject to remand solely for correction of a clerical error.

I.

ANALYSIS

A.

SUFFICIENCY OF THE EVIDENCE

When a defendant contests the sufficiency of the evidence on appeal, we must give the judgment of the trial court sitting without a jury the same weight as a jury verdict. McCain v. Commonwealth, 261 Va. 483, 492, 545 S.E.2d 541, 547 (2001). To that extent, we consider the evidence in the light most favorable to the Commonwealth, the prevailing party below. See Baldwin v. Commonwealth, 274 Va. 276, 278, 645 S.E.2d 433, 433 (2007). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). The appellate court must review the evidence that tends to support the conviction and uphold the trial court's judgment unless it is plainly wrong or without evidence to support it. Commonwealth v. Duncan, 267 Va. 377, 384, 593 S.E.2d 210, 214 (2004).

Code § 18.2-172 makes it illegal to "forge any writing . . . to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged . . . ." The crime of uttering is complete upon "an assertion by word or action that a writing known to be forged is good and valid." Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964). Knowledge of the instrument's forgery is an essential element of the crime and may be proven with circumstantial evidence. See Harris v. Commonwealth, 211 Va. 742, 743, 180 S.E.2d 520, 522 (1971); Bullock v. Commonwealth, 205 Va. 558, 562-63, 138 S.E.2d 261, 264 (1964).

When the Commonwealth relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the circumstances proved create a suspicion of guilt, however strong, or even a probability of guilt. Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). "Circumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Id. at 514, 578 S.E.2d at 786 (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)).

There is no requirement that the accused must fully negotiate a forged document in order to be convicted of uttering. See Bennett v. Commonwealth, 48 Va. App. 354, 358, 631 S.E.2d 332, 333-34 (2006) (eschewing an interpretation of uttering that requires "a forged document [to] be negotiated" in favor of a rule that the accused need only "institute[] the process that produce[s] the fraud[]"). Rather, the Commonwealth must prove that the accused "employ[ed] as true[] such forged writing." Code § 18.2-172.

In this case, the evidence is sufficient to show that appellant initiated the process to employ a forged check as true. Appellant entered the Bank of Southside Virginia (the bank) on July 12, 2007, and gave a check to a teller, purportedly drawn from the account of Pamplin Historical Park (Pamplin Park). The allegedly valid instrument appeared to be an official check from Pamplin Park made payable to appellant in the amount of $1,977.65. Appellant's name and address were typed on the check, and it was dated July 10, 2007. The back of the check bore appellant's signature; underneath it was a driver's license number. Appellant later confirmed to the police that the signature was his. This endorsement of the check supports the inference that appellant brought the check to the bank for the purpose of drawing cash as the purported payee.

See Code § 8.3A-109 ("An instrument payable to an identified person may become payable to bearer if it is endorsed in blank pursuant to § 8.3A-205(b).").

The evidence further proves that appellant knew the Pamplin Park check to be forged. In Fitzgerald v. Commonwealth, 227 Va. 171, 313 S.E.2d 394 (1984), the Court upheld the defendant's conviction for forgery,[2] holding that "'[p]ossession of a forged check by an accused, which he claims as payee, is prima facie evidence that he either forged the instrument or *procured it to be forged.*'" Id. at 174, 313 S.E.2d at 395 (quoting Laird v. State, 406 So. 2d 35, 36 (Miss. 1981)). Subsequent decisions in Virginia have extended this principle to the crime of uttering so that "possession of the forged check allows the inference that [the accused] knew it to be forged." Walker v. Commonwealth, 25 Va. App. 50, 59, 486 S.E.2d 126, 131 (1997).

Appellant had in his possession a check that the Commonwealth proved was a forgery. Allison Wade, an associate manager at the bank, recognized several inconsistencies between appellant's check and previous checks from the Pamplin Park account. When the police arrived to investigate, appellant told the officers that he received the check from a man named Mr. Scott who was waiting outside in a van with North Carolina license plates. Approximately 20 minutes after receiving this statement, the officers canvassed the nearby parking lots, but were unable to locate a vehicle matching the description appellant had provided.

Patrick Olienyk, the executive vice-president and chief operating officer of Pamplin Park, testified in his capacity as custodian of the company's checking accounts. Olienyk identified a copy of an authentic Pamplin Park check used in the normal course of business and testified that

---

[2] Unlike the crime of uttering, forgery requires the accused to have actually forged the instrument and intend to defraud the victim. Bateman, 205 Va. at 599, 139 S.E.2d at 105-06. "It is defined as 'the false making or materially altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.'" Fitzgerald, 227 Va. at 173, 313 S.E.2d at 395 (quoting Bullock, 205 Va. at 561, 138 S.E.2d at 263).

the check presented by appellant was not a legitimate Pamplin Park check. The counterfeit check appellant presented to Wilson listed Pamplin Park's account number and contained check number 20479. The legitimate check with the same number was issued to U.S. Food Service for $7,846.02 on July 17, 2007, five days after appellant presented his check.

The discrepancies between the standard Pamplin Park check and the check appellant had in his possession, coupled with Olienyk's submission of the account number of a legitimate Pamplin Park check matching the account number on appellant's check, allow the inference that appellant knew the check was forged. Moreover, this inference is strengthened by additional circumstantial evidence in this case. Even though appellant offered an innocent explanation as to how he acquired the forged check, the trial court explicitly determined that this story "doesn't really jibe with legitimacy or his knowledge that this was a good check." The trial court further found that the forged check "didn't come from the general contractor." See Barnes v. United States, 412 U.S. 837, 845 n.9, 93 S. Ct. 2357, 2362 n.9, 37 L. Ed. 2d 380, 387 n.9 (1973) (recognizing that "the mere fact that there is some evidence tending to explain a defendant's possession consistent with innocence does not bar" reliance on the inference of guilt). Moreover, the investigating officers were unable to confirm appellant's story that the man he was working for was in the parking lot. See Harris, 211 Va. at 744, 180 S.E.2d at 522 (holding ample evidence supported the conclusion that the defendant knew the instrument was forged where he falsely identified himself when the checks were presented).

For these same reasons, the evidence is sufficient to support appellant's conviction for attempted grand larceny. "Larceny is defined as the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." Jones v. Commonwealth, 3 Va. App. 295, 300, 349 S.E.2d 414, 417 (1986). If the goods are valued at $200 or more, the offense is enhanced to

grand larceny. Code § 18.2-95. To sustain a conviction for attempted larceny, the evidence must demonstrate 1) the intent to commit the underlying crime, and 2) an overt, yet ineffectual, act towards the completion of that crime. See Jay v. Commonwealth, 275 Va. 510, 525, 659 S.E.2d 311, 319-20 (2008).

Because appellant possessed the forged check, the circumstantial evidence allows for the inference that appellant had the requisite intent to "fraudulently induce[] the bank to give him [the] money and . . . not . . . return it." Walker, 25 Va. App. at 58, 486 S.E.2d at 130. Appellant's possession of the forged Pamplin Park check, in conjunction with the other circumstantial evidence, allows the inference that appellant knew the check was forged. The evidence is thus sufficient to support his convictions for uttering and attempted grand larceny.

B.

DUE PROCESS CHALLENGE

Appellant argues that any inference of guilty knowledge arising from the mere possession and presentment of a forged instrument does not comport with due process under the Fourteenth Amendment. While recognizing that such inferences may be used without offending the Constitution in some uttering cases, appellant nevertheless asserts the circumstantial evidence cannot sustain his conviction without the aid of the inference of guilty knowledge. In other words, appellant contends that the inference operated as a conclusive presumption in violation of his constitutional rights because it conflicted with, and overrode, an otherwise logical finding of innocence.

"Inferences and presumptions are a staple of our adversary system of factfinding . . . to determine the existence of an element of the crime . . . from the existence of one or more 'evidentiary' or 'basic' facts." County Court of Ulster County v. Allen, 442 U.S. 140, 154-55, 99 S. Ct. 2213, 2224, 60 L. Ed. 2d 777, 791 (1979). However, the Due Process Clause of the

- 6 -

Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368, 375 (1970). The Commonwealth is thus prohibited "from using evidentiary presumptions . . . that have the effect of relieving the [Commonwealth] of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." Francis v. Franklin, 471 U.S. 307, 313, 105 S. Ct. 1965, 1970, 85 L. Ed. 2d 344, 352 (1985). Jury instructions, statutes and the common law may give rise to the inference or presumption meriting constitutional analysis. See Barnes, 412 U.S. at 844-45, 93 S. Ct. at 2362, 37 L. Ed. 2d at 387 ("Common-law inferences, like their statutory counterparts, must satisfy due process standards in light of present-day experience."); Yap v. Commonwealth, 49 Va. App. 622, 631, 643 S.E.2d 523, 527 (2007).

The first inquiry a court must consider is whether the challenged inference is a mandatory presumption or a permissive inference. Franklin, 471 U.S. at 314, 105 S. Ct. at 1971, 85 L. Ed. 2d at 353. "[A] permissive inference is one that allows, but does not require, the fact finder to infer a possible conclusion from the facts proven, while placing no burden upon the accused." Yap, 49 Va. App. at 632, 643 S.E.2d at 527. A permissive inference does not run afoul of the Due Process Clause if there is a "rational connection between the fact proved and the ultimate fact presumed[.]" Tot v. United States, 319 U.S. 463, 467, 63 S. Ct. 1241, 1245, 87 L. Ed. 1519, 1524 (1943). In other words, "the rational relationship is sufficient if 'the presumed fact is *more likely than not* to flow from the proved fact on which it is made to depend.'" Morton v. Commonwealth, 13 Va. App. 6, 10, 408 S.E.2d 583, 585 (1991) (quoting Leary v. United States, 395 U.S. 6, 36, 89 S. Ct. 1532, 1548, 23 L. Ed. 2d 57, 82 (1969)).

Inferring guilty knowledge of the instrument's forgery from possession of such instrument "does not rise to the level of a conclusive presumption" if the fact finder decides the

ultimate issue of guilt.  <u>Fitzgerald</u>, 227 Va. at 174, 313 S.E.2d at 395.  Indeed, the fact finder

may dispel the inference of guilty knowledge upon "an explanation . . . as to how [the defendant]

came into possession of the instrument."  <u>Bullock</u>, 205 Va. at 563, 138 S.E.2d at 265; <u>see</u>

<u>Dobson v. Commonwealth</u>, 260 Va. 71, 75, 531 S.E.2d 569, 572 (2000).  Here, upon

consideration of appellant's motion to strike the evidence, the trial court stated:

> I don't think there is any burden on the defendant to produce any
> more evidence other than challenging the sufficiency of the
> Commonwealth's evidence.  But the evidence, circumstantially, as
> we have discussed in detail is very, very convincing, and I think it
> does exclude every reasonable hypothesis.

The trial court clearly exercised its independent judgment in determining whether the

circumstantial evidence supported the inference that appellant knew the Pamplin Park check was

forged.  <u>See</u> <u>Allen</u>, 442 U.S. at 156, 99 S. Ct. at 2224, 60 L. Ed. 2d at 791 (looking to the "degree

to which the [inference] curtails the factfinder's freedom to assess the evidence independently").

Because the trial court made plain that it did not rely "exclusively on the [inference] in finding

appellant guilty," it did not impermissibly "shift the burden of persuasion to appellant."  <u>Yap</u>, 49

Va. App. at 633-34, 643 S.E.2d at 528.

Further, a natural and rational evidentiary relationship exists between the fact proven and

ultimate fact presumed because the inference of guilty knowledge more likely than not flows

from the evidence in the record.  As the Supreme Court recognized in <u>Barnes</u>,

> If a statutory inference submitted to the jury as sufficient to
> support conviction satisfies the reasonable-doubt standard (that is,
> the evidence necessary to invoke the inference is sufficient for a
> rational juror to find the inferred fact beyond a reasonable doubt)
> as well as the more-likely-than-not standard, then it clearly accords
> with due process.

412 U.S. at 843, 93 S. Ct. at 2361-62, 37 L. Ed. 2d at 386.  Because the circumstantial evidence,

in conjunction with the inferences it provided, was sufficient to support appellant's convictions

for uttering and attempted grand larceny beyond a reasonable doubt, there exists a rational

- 8 -

connection between the inference of guilty knowledge and appellant's possession of the forged Pamplin Park check in accord with the Due Process Clause.

## II.

Appellant's rights under the Due Process Clause of the Fourteenth Amendment were not violated because the evidence in the record rationally connected the permissive inference of guilty knowledge of the Pamplin Park check's forgery to appellant's possession of the forged instrument. Moreover, appellant's possession of the forged Pamplin Park check, in conjunction with the other circumstantial evidence, allows the inference that appellant knew the check was forged. Accordingly, we affirm his convictions for uttering and attempted grand larceny.

<u>Affirmed on merits and remanded with instructions.</u>