# Richmond

## LIEUTENANT JONES v. COMMONWEALTH OF VIRGINIA.

January 14, 1946.

Record No. 3006.

Present, All the Justices.

The opinion states the case.

*Thomas H. Howerton*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *V. P. Randolph, Jr., Assistant Attorney General*, for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

The indictment in this case, pursuant to the provisions of section 4402 of the Code, charged that the defendant, Lieutenant Jones, armed with a knife, feloniously and maliciously did cut and wound one L. R. Wood with intent to maim, disfigure, disable and kill.

There was a trial by a jury which returned this verdict: "We the jury find the accused guilty of *malicious assault*, and fix the punishment at eight (8) years in the penitentiary." (Italics added.)

Upon this verdict the court pronounced judgment.

Section 4402 of the Code provides: "If any person maliciously shoot, stab, cut or wound any person * * * he shall * * * be punished by confinement in the penitentiary not less than one nor more than ten years * * * ."

The fundamental question is, does the verdict of the jury find the accused guilty of any of the crimes set forth in section 4402 of the Code?

That section clearly indicates that before an accused can be guilty of a violation thereof, he must shoot, stab, cut or wound a person or by other means cause him bodily injury.

Section 4758 of Michie's Code reads as follows:

"Offenses are either felonies or misdemeanors. Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors."

When we examine the verdict, we are unable to determine whether the jury intended to find the defendant guilty of a felony or a misdemeanor. However, when we look to the judgment, we must conclude that he has been sentenced to the penitentiary for the commission of a felony.

The question then arises, is an assault a felony or a misdemeanor? In either event, is it punishable under the provisions of section 4402, *supra*? Answering the first question, there can be no doubt that an assault is a common-law offense and is punishable as a misdemeanor.

Much confusion has arisen, due to the failure of courts and counsel to draw a distinction between an assault and a battery.

In Minor's Synopsis of the Law of Crimes and Punishments, page 76, an assault is thus defined:

"An assault is any attempt or offer with force or violence to do a corporal hurt to another, whether from *malice* or from *wantonness*, as by striking at him, or even holding up one's fist at him in a threatening or insulting manner, or pointing a weapon at him *within reach*. (3 Bl. Com. 120; 1 East. P. C. 406; 1 Whart. Cr. L. (8th ed.) 608 & seq.; 1 Russ. Cr. 604.)"

██ "Battery is the *actual infliction of corporal hurt* on another (e.g., the *least touching* of another's person), *wilfully or in anger,* whether by the party's own hand, or by some means set in motion by him. (3 Bl. Com. 120; 1 East. P. C. 405; 1 Russ. Cr. 604-'5.)" Id. 77.

██ Answering the second question, the answer must be in the negative, for, when we examine the statute, we fail to discover the alleged crime of malicious assault.

The verdict returned in the case at bar is analogous to the verdict considered by Moncure, P., in *Randall* v. *Commonwealth,* 24 Gratt. (65 Va.) 644. The conclusion reached in that case is fortified and approved by Prentis, C. J., in *Williams* v. *Commonwealth,* 153 Va. 987, 989, 151 S. E. 151.

In the *Randall Case, supra,* we read:

"The offense for which the plaintiff in error was intended to be prosecuted in this case is the offense declared by the Code of 1860, chapter 191, section 9, concerning malicious and unlawful shooting, stabbing, &c. The jury, by their verdict, found the prisoner 'guilty of malicious shooting,' and fixed his term of imprisonment in the penitentiary at five years, to which he was accordingly sentenced. And he applied for and obtained from this court a writ of error to the judgment. In his petition for the writ he assigned sundry errors in the said judgment, one of which is, that the verdict found him guilty of no offense at all, having found him guilty merely of malicious shooting.' The attorney-general rightly admitted that this error was well assigned, and that for this error the judgment would have to be reversed."

In the *Williams Case, supra,* Chief Justice Prentis has this to say:

"In *Randall* v. *Commonwealth,* 24 Gratt. (65 Va.) 644, under an indictment under the maiming act, the jury found the prisoner guilty of 'malicious shooting,' (without naming the person shot), and fixed his term in the penitentiary at five years; but it was held that 'malicious shooting,' merely, is 'no offense at all,' and that no judgment could be entered .

upon that verdict. *State* v. *Newsom,* 13 W. Va. 859, is to the same effect."

In our opinion, the verdict of the jury and the judgment of the court are nullities which lead to a reversal of the case.

It is assigned as error:
"That even if he had been proven guilty of any crime petitioner, being under 18 years of age, could not be sentenced to the State Penitentiary, or even to jail, in pursuance of section 1910 of the Code of Virginia."

This assignment of error is concluded against the defendant by our decision in *Mickens* v. *Commonwealth,* 178 Va. 273, 283, 16 S. E. (2d) 641.

In construing section 1910 of Michie's Code, Mr. Justice Hudgins said:

"The statute heretofore cited clearly reveals the legislative intent to leave the prosecution and punishment of a minor between 12 and 18 years of age for an aggravated offense to the discretion of a jury or of a court trying the case without a jury. If the evidence in such case establishes the aggravated nature of a felony, then the *quantum* of punishment must be within the limits fixed by statute for the particular crime. When this discretion has been exercised by the lower court, this court has no authority to substitute its judgment therefor."

The remaining assignment of error is that the evidence was not sufficient to sustain any verdict against the accused.

As the case must go back for a new trial, we refrain from expressing an opinion as to the sufficiency of the evidence.

Judgment reversed and the case remanded for a new trial.

*Reversed.*