COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


WILLIAM ANDREAS PYLIARIS
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2193-97-2    JUDGE SAM W. COLEMAN III
                                      SEPTEMBER 15, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

         Christopher J. Collins for appellant.

         Steven A. Witmer, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.



     William Andreas Pyliaris was convicted in a bench trial for

assault in violation of Code § 18.2-51.  The sole issue on appeal

is whether the evidence is sufficient to sustain the conviction.

 Finding the evidence sufficient to prove that Pyliaris committed

an assault, we affirm the conviction.

     To sustain a conviction for assault, the evidence need only

prove "an attempt or offer [by the accused], with force and

violence, to do some bodily hurt to another."  Harper v.

Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955).

     When the sufficiency of the evidence is challenged on

appeal, we view the evidence in the light most favorable to the

Commonwealth.  See Derr v. Commonwealth, 242 Va. 413, 424, 410

S.E.2d 662, 668 (1991).  So viewed, the evidence proved that

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Terrance Christopher Holmes attended an after-hours bar which appellant owned. Appellant was working at the club, and Holmes was intoxicated. Holmes testified that he and appellant had a brief, amicable verbal exchange. According to Holmes, appellant attacked him later that evening without warning or provocation. Holmes testified that appellant repeatedly struck him in the face, knocking him to the ground. He denied touching or striking appellant. Holmes suffered a broken jaw and received several stitches to close one wound.

Richmond Police Officer Lyle B. Harding testified that he found Holmes bleeding profusely outside the bar. Officer Harding interviewed appellant about the altercation. Appellant told the officer that Holmes had been disturbing some female customers, one of whom was appellant's girlfriend, and a female bartender. He also told the officer that he did not request the assistance of the club's bouncers in removing Holmes because "they were pussies and he had to handle [the situation] himself." Appellant stated that he started punching Holmes only after Holmes grabbed him by the neck and in order to extricate himself from Holmes. The officer testified that he observed marks on appellant's neck that appeared to be thumbprints.

Valerie Wilnott testified that Holmes was bothering her and another female patron. She noted that after appellant repeatedly told Holmes to leave the women alone, appellant pulled Holmes toward the exit. Wilnott did not see the fight begin. An

employee of the club testified that Holmes was the initial aggressor, choking appellant and hitting him with his fists.

Appellant testified that as he was escorting Holmes out of the bar area, Holmes attacked him and grabbed him by the throat. Appellant admitted that he struck Holmes, but only to defend himself from Holmes' attack. After appellant escaped Holmes' grip, the two of them "exchanged a few more blows."

Appellant's sole contention on appeal is that the evidence is insufficient to sustain the conviction because his account of the incident and the account of his witnesses are more believable than Holmes' version. He further contends that on appeal we do not disregard the evidence that conflicted with the evidence that would support the guilty verdict but rather we must consider the evidence as a whole in determining that the defendant's guilt has been proven beyond a reasonable doubt and to the exclusion of all reasonable hypotheses of innocence. We find no merit in these contentions. The appellant's argument would have us disregard the role of the fact finder in resolving the conflicts in the evidence. Holmes' version that appellant attacked him without provocation and of how the altercation developed, although in conflict with other evidence, is not inherently incredible. See Payne v. Commonwealth, 233 Va. 460, 469, 357 S.E.2d 500, 505 (1987). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth,

- 3 -

3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). If there is evidence in the record to support the conviction, the reviewing court is not permitted to substitute its own judgment for that of the fact finder, even if its opinions might differ from the conclusions reached by the fact finder. See Tyler v. Commonwealth, 254 Va. 162, 165-66, 487 S.E.2d 221, 223 (1997). The fact that evidence is in conflict does not of itself create a reasonable doubt or an hypothesis of innocence.

Here, appellant's claim is that the evidence is insufficient because it establishes as a matter of law that he assaulted Holmes in self-defense. However, the trial court accepted Holmes' testimony that appellant was the aggressor in the altercation and repeatedly struck Holmes in the face other than in self-defense. Holmes' testimony was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant assaulted Holmes and did not do so in self-defense. See Jones v. Commonwealth, 184 Va. 679, 681, 36 S.E.2d 571, 572 (1946). Furthermore, the fact finder could have found from the evidence that appellant used excessive force in ejecting Holmes from the premises and more force than was necessary to defend himself. See Cook v. Commonwealth, 219 Va. 769, 773-74, 250 S.E.2d 361, 364-65 (1979).

Accordingly, we affirm the conviction.

Affirmed.

- 4 -