Tuesday          9th
February, 1999.


Mark Evans Epps,                                          Appellant,

 against        Record No. 0665-97-2
                Circuit Court No. CR-97-416-00-M

Commonwealth of Virginia,                                 Appellee.


Upon a Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Coleman, Willis,
Elder, Bray, Annunziata, Bumgardner, Lemons and Senior Judge Overton[*]

                         Anthony G.
            Spencer (Morchower, Luxton & Whaley, on
            briefs), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General,
            on brief), for appellee.

        A divided panel of this Court affirmed the judgment of the

trial court.  See Epps v. Commonwealth, 28 Va. App. 58, 502 S.E.2d 140

(1998).  We stayed the mandate of that decision and granted rehearing

en banc.

        Upon rehearing en banc, the judgment of the trial court is

affirmed without opinion by an evenly divided Court.  Accordingly, the

opinion previously rendered by a panel of this Court on July 21, 1998

is withdrawn and the mandate entered on that date is vacated.  Chief

Judge Fitzpatrick, Judges Benton, Coleman, Bray and Annunziata voted

to reverse the judgment of the trial court.  Judges Willis, Elder,

---

[*]Judge Overton participated in the hearing and decision of this
case prior to the effective date of his retirement on January 31, 1999
and thereafter by his designation as senior judge pursuant to Code
§ 17.1-401, recodifying Code § 17-116.01:1.

Overton, Bumgardner and Lemons voted to affirm said judgment.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

                                        Tuesday        1st

         September, 1998.


Mark Evans Epps,                                        Appellant,

 against      Record No. 0665-97-2
              Circuit Court No. CR-97-416-00-M

Commonwealth of Virginia,                              Appellee.


                  Upon a Petition for Rehearing En Banc

                       Before the Full Court


        On August 5, 1998 came the appellant, by counsel, and filed

a petition praying that the Court set aside the judgment rendered

herein on July 21, 1998, and grant a rehearing en banc thereof.

        On consideration whereof, the petition for rehearing en banc

is granted, the mandate entered herein on July 21, 1998 is stayed

pending the decision of the Court en banc, and the appeal is

reinstated on the docket of this Court.

        The parties shall file briefs in compliance with Rule 5A:35.

 It is further ordered that the appellant shall file with the clerk of

this Court ten additional copies of the appendix previously filed in

this case.

                       A Copy,

                            Teste:

                                 Cynthia L. McCoy, Clerk

                  By:

                  Deputy Clerk

Present: Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


MARK EVANS EPPS
                                        OPINION BY
v.    Record No. 0665-97-2      JUDGE RUDOLPH BUMGARDNER, III
                                        JULY 21, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Buford M. Parsons, Judge

          Anthony G. Spencer (Morchower, Luxton &
          Whaley, on briefs), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     The defendant was convicted of assault by threat of his
former wife, Paulette H. Epps.  He was sentenced to sixty days in
jail suspended for three years.  The defendant contends that the
evidence is insufficient to support the conviction because the
Commonwealth did not prove that he committed any act denoting an
intention of presently using actual violence.  For the following
reasons, we affirm the conviction.

     The defendant arranged to meet his former wife at a public
place so that he could return their children after visitation.
The children were six and eight years old at the time.  The
defendant was late, and when he did arrive, a beer bottle fell
out of his car as he exited it.  His wife berated him for having
alcohol in the car with the children.  He responded with repeated
vile cursing of her.  She stated again that he did not have to

drink and that she was going to take the children and leave.  The defendant continued to curse her and, as the victim described it, "he was all up in my face."  At that point the defendant threatened to kill her.  Douglas Hoover, the victim's fiancé who was riding with her, got out of the car and stepped between the two to prevent any violence.  He told her to get the children out of the defendant's car and put them in her car.  The victim was shaking, crying, and testified that she did think he was going to kill her.

The defendant argues that he committed no act, such as striking her with a weapon or raising his arm in a menacing manner, that was associated with the verbal threat.  Citing Harper v. Commonwealth, 196 Va. 723, 85 S.E.2d 249 (1955), he argues that some act must denote a present intent to use actual force and that words alone can never amount to an assault.

> "An assault is an attempt or offer, with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; as by striking at him with a stick or other weapon, or without a weapon, though he be not struck, or even by raising up the arm or a cane in a menacing manner, by throwing a bottle of glass with an intent to strike, by levelling a gun at another within a distance from which, supposing it to be loaded, the contents might injure, or any similar act accompanied with circumstances denoting an intention coupled with a present ability, of using actual violence against the person of another.  But no words whatever, be they ever so provoking, can amount to an assault; * * *".  (Italics supplied).

Id. at 733, 85 S.E.2d at 255 (quoting Davis, Criminal Law at

- 5 -

353-54).

Harper was charged with violating the maiming statute, Code § 18.2-51 (formerly § 18-70). A jury convicted him of assault and battery, and he appealed the conviction arguing that the trial court had instructed erroneously. The Court ruled that the instruction requested by the defense was not proper because it would have permitted the defendant to strike another with a deadly weapon when the provocation was only words. The Court stated: "[I]n order to justify an accused in striking another with a deadly weapon, as the accused admits he did in this case, a threatening attitude alone affords no justification." Harper, 196 Va. at 733, 85 S.E.2d at 255. The Court cited two cases and then made the quotation from Davis, supra.

At common law a criminal assault was an attempt to commit a battery. As with any attempt, the law required an intention to commit the act and a direct, ineffectual act toward its commission. See Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969). The criminal definition, an attempted battery, requires that at the time of the act there be a present ability to complete the threatened battery. The defendant must have the specific intent to commit the act and take some direct and ineffectual action toward completion of the crime.

The common law tort definition of assault differed from the criminal definition. The tort of assault was an intentional offer to touch the person of another that created in the mind of the victim a reasonable apprehension of an immediate battery.

See Charles E. Friend, Personal Injury Law in Virginia § 6.3, at 214 (1990); W. Page Keeton et al., Keeton & Prosser on the Law of Torts § 10 (5th ed. 1984). Present ability is not required for the tort of assault. It requires only that the plaintiff reasonably believe that the defendant had such ability. See Friend, supra, § 6.3, at 214 n.4. "Any act of such a nature as to excite an apprehension of a battery may constitute an assault." Prosser, supra, § 10, at 43. "[T]he apprehension must be one which would normally be aroused in the mind of a reasonable person." Id. at 44. There must be an apparent ability and opportunity to carry out the threat immediately. There is no assault where the defendant is too far away to make contact. See id.

The tort definition of assault has long been incorporated into the definition of the crime of assault. See Roger D. Groot, Criminal Offenses and Defenses in Virginia 28 (3d ed. 1994); Rollin M. Perkins & Ronald N. Boyce, Criminal Law § 2, at 167 (3d ed. 1982). Burgess v. Commonwealth, 136 Va. 697, 706-07, 118 S.E. 273, 275 (1923), held that criminal assault is committed when (1) the defendant puts the victim in well-founded fear or apprehension of bodily harm though the defendant has in fact no intention to strike the victim and the victim is not in fact put in actual peril; and (2) the act is done with the intent to put the victim in fear or apprehension of bodily harm and the victim is in fact put in well-founded fear or apprehension of bodily harm. Burgess specifically rejected the argument that the victim

- 7 -

must be put in actual peril or that the act must be done with the intent to do bodily harm to the victim.  "`The better rule is that the defendant's intention" (to do actual bodily harm) `does not enter into the case, for if reasonable fear of bodily harm has been caused by the conduct of the defendant, this is an assault, even though he disclaims any intention to do wrong.'"  Id. at 707, 118 S.E. at 276 (quoting 5 C.J. (5), 3, at 618).

The definition from Davis, Criminal Law, that the Court quoted with approval in Harper traces to and is nearly a verbatim quotation from 1 East, Pleas of the Crown 406 (1803).  Jones v. Commonwealth, 184 Va. 679, 36 S.E.2d 571 (1946), cites East as well as 3 Blackstone, Commentaries 120, as authority for its definition of criminal assault.  Both of these venerable authorities, East and Blackstone, have been suggested as the genesis of the expansion of the criminal definition to incorporate the tort definition.  See Perkins, supra, § 2, at 165.

The defendant's argument that he is not guilty of assault unless he committed some act denoting an intention of presently using actual violence is correct under the original common law definition of criminal assault.  We will assume without deciding that getting up in the victim's face to the point that someone intervened between the parties and threatening to kill the victim does not satisfy the common law criminal definition of assault.  However, those facts do satisfy the tort definition of assault.  The evidence is abundant that the defendant put the victim in

fear of bodily harm, that he had the immediate ability to do harm, and that the victim's apprehension of bodily harm was reasonable.  The trial court stated:

> He threatened to do her bodily harm, and that under the circumstances in which he did that, he did it, he had the ability to carry out that threat and he had, it's a case that he had present ability of using actual violence against the person, though he did not use the actual violence.

The defendant's words and acts satisfy the common law tort definition of assault that has long been a part of the present definition of criminal assault.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>

Benton, J., dissenting.

Mark Evans Epps was convicted of violating Code § 18.2-57.2 ("commit[ing] an assault and battery against a family or household member"). The male friend of Epps' former wife testified that Epps and Epps' former wife were standing "five feet apart" and "were just screaming and hollering at each other." The male friend moved between them as Epps and his former wife screamed at each other. No evidence proved that Epps touched his former wife. To convict an accused of an assault and battery the evidence necessarily must prove beyond a reasonable doubt an unlawful touching. See Jones v. Commonwealth, 184 Va. 679, 682, 36 S.E.2d 571, 572 (1946); Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998). However, Epps was convicted of assault and battery based solely on the words he spoke.

Despite the lack of evidence of a touching, the only issue raised on this appeal is whether in proving an assault the evidence proved beyond a reasonable doubt an act denoting an intention of presently using actual violence. The Commonwealth argues that Epps' verbal threats proved the assault.

Although the offense of "assault" is regulated by statute, see Code § 18.2-57, it continues to be defined by common law. The common law definition of criminal assault is well established in Virginia.

> "An assault is an attempt or offer, with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if

- 10 -

carried into execution; as by striking at him with a stick or other weapon, or without a weapon, though he be not struck, or even by raising up the arm or a cane in a menacing manner, by throwing a bottle of glass with an intent to strike, by levelling a gun at another within a distance from which, supposing it to be loaded, the contents might injure, or any similar _act accompanied with_ circumstances denoting _an intention coupled with a present ability_, of using actual violence against the person of another.  _But no words whatever, be they ever so provoking, can amount to an assault_; . . .".  (Italics supplied).

_Harper v. Commonwealth_, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955) (citation omitted) (second emphasis added).  _See e.g._, _Jones_, 184 Va. at 681-82, 36 S.E.2d at 572; _Merritt v. Commonwealth_, 164 Va. 653, 658, 180 S.E. 395, 397 (1935); _Wood v. Commonwealth_, 149 Va. 401, 404, 140 S.E. 114, 115 (1927); _Boone v. Commonwealth_, 14 Va. App. 130, 132-33, 415 S.E.2d 250, 251 (1992); _Johnson v. Commonwealth_, 13 Va. App. 515, 517, 412 S.E.2d 731, 732 (1992).

The majority accepts defendant's argument that, when relying solely on the common law criminal definition of assault, "there is no assault unless an accused committed some act denoting an intention of presently using actual violence."  However, the majority holds that the "defendant's words and acts satisfy the common law tort definition of assault that has long been a part of the definition of the present definition of criminal assault."  In affirming the conviction, the majority reasons that the common law crime of assault has merged with the civil tort of assault.  _See_ Roger D. Groot, _Criminal Offenses and Defenses in_

<u>Virginia</u> 27-28 (3d ed. 1994).[1]  <u>But</u> <u>see</u> Charles E. Friend,

<u>Personal Injury Law in Virginia</u> § 6.3, at 208-09 (1990) ("[T]he

criminal action for assault and the tort action for assault

involve different principles, purposes, and sanctions.  The two

actions should not be confused, and rules applicable to one

should not be assumed to be applicable to the other.").

The principle is well established that the criminal offense

of assault requires proof beyond a reasonable doubt of some overt

physical act which proffers imminent unwanted force.  <u>See</u> <u>Burgess</u>

<u>v. Commonwealth</u>, 136 Va. 697, 708, 118 S.E. 273, 276 (1923)

(assault requires an "overt act" which "puts the party assailed

_____

[1]Groot states, in pertinent part, the following:

> At common law a criminal assault was an
> attempted battery.  It made no difference
> whether the victim was put in fear or was
> even aware of the assault. . . .  At the same
> time a civil assault was committed by putting
> the victim in apprehension of a battery;
> civil assault depended upon the apprehension
> of the victim, but did not require an actual
> overt attempt to batter.
>
> These two forms of assault long ago
> merged so that a criminal assault is "any
> attempt or offer with force or violence to do
> corporal hurt to another."  An assault in the
> ancient criminal form, or attempted battery,
> requires proof that the accused intended a
> battery and performed some direct,
> ineffectual act towards its commission.  An
> assault in the ancient civil form, an offer
> to batter, requires proof of a threat, actual
> or implied, to batter and an apparent present
> ability to do so.  Actual ability to carry
> out the threat is not required because this
> form of assault turns on the victim's
> apprehension of harm; apparent ability is
> sufficient to create apprehension.

in well-founded fear of bodily harm"); <u>Harper</u>, 196 Va. at 725, 85 S.E.2d at 255; <u>Jones</u>, 184 Va. at 681-82, 36 S.E.2d at 572; <u>Merritt</u>, 164 Va. at 658, 180 S.E. at 397. Mere words can never amount to an assault in criminal law. <u>See</u> <u>Harper</u>, 196 Va. at 725, 85 S.E.2d at 255.

In this case, the Commonwealth proved no overt act by Epps indicating an actual or apparent present ability to cause bodily harm. There is simply no evidence of any physical act by Epps. The record proved that Epps and his former wife were arguing and that Epps threatened his former wife. The wife's male friend testified that Epps and his former wife were standing five feet away from each other and that they "were just screaming and hollering at each other." No evidence proves that Epps committed an overt act indicating an actual or apparent present intent and ability to cause bodily harm. The evidence in the record proved "mere words" of insult and threat, which are never enough, under either theory, to constitute an assault.

In Virginia, a criminal assault is either (1) an attempt to touch another person in an unprivileged way, <u>see</u> <u>Harper</u>, 196 Va. at 725, 85 S.E.2d at 255, or (2) an intentional placing of another in apprehension of receiving an immediate unprivileged touching. <u>See</u> <u>Burgess</u>, 136 Va. at 707-08, 118 S.E. at 276. "[B]oth will involve some physical act which proffers imminent unwanted force." John L. Costello, <u>Virginia Criminal Law and Procedure</u> § 4.2, at 70-71 (2d ed. 1995) (emphasis omitted). Because the Commonwealth failed to prove the existence of any act

indicative of the present ability, either actual or apparent, of inflicting immediate bodily harm, I would hold that the evidence is insufficient to prove Epps committed an assault upon his former wife.