## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY

Riverside Hospital, Inc.,
d/b/a Riverside Regional
Medical Center

v.

Robert B. Stroube,
Acting State Health
Commissioner,
and Sentara Healthcare

June 25, 2002

Case No. (Chancery) CH01-13836

BY JUDGE D. ARTHUR KELSEY

This matter comes before the Court on the motion of Riverside Hospital, Inc., for leave to file a rebuttal brief in opposition to Sentara Healthcare's brief.[1] The legal briefs address Riverside Hospital's pending motion to dismiss Sentara Healthcare as an allegedly inessential party to this judicial review proceeding pursuant to the Virginia Administrative Process Act, Va. Code Ann. § 2.2-4000 *et seq.* (Michie 2001). *See generally Chippenham & Johnston-Willis v. Peterson*, 36 Va. App. 469, 553 S.E.2d 133 (2001); *cf.*

---

[1] Dr. Robert B. Stroube, Acting State Health Commissioner for the Commonwealth of Virginia, has filed no response to Riverside Hospital's motion for leave.

*Denson v. Virginia Retirement Sys.*, 43 Va. Cir. 386 (Suffolk 2000) (VAPA standard of judicial review).

In its motion for leave, Riverside Hospital argues that "fundamental principles of jurisprudence" entitle it — as the party with the burden of persuasion on the motion to dismiss — to the last word, and thus, the right to file the final rebuttal brief on the motion to dismiss. *See* Riverside Hospital Motion for Leave ¶ 3, at 2 (June 12, 2002). Sentara Healthcare disagrees, arguing that the parties in this case agreed to a specific briefing schedule and submitted a consent order to the Court consummating the agreement. The scheduling order, entered by the Court, does not provide for the rebuttal brief that Riverside Hospital now seeks to file. "Quite simply," Sentara Healthcare contends, "Riverside should abide by the briefing schedule agreed to by the parties, particularly because it was Riverside which proposed the schedule." Sentara Healthcare Memorandum at 2 (June 18, 2002).

Riverside Hospital's motion for leave seeks a *de facto* modification of the scheduling order to permit an additional rebuttal brief. As a general rule, a trial court may modify or rescind an interlocutory order "at any time before final judgment," *Freezer v. Miller*, 163 Va. 180, 197, n. 2, 176 S.E. 159, 165, n. 2 (1934) (citation omitted), and can, to put it plainly, "change its mind while the matter is still pending." *Pinkard v. Pinkard*, 12 Va. App. 848, 853, 407 S.E.2d 339, 342 (1991); *see also Bennett v. Commonwealth*, 33 Va. App. 335, 344, 533 S.E.2d 22, 27 (2000). This inherent power applies to orders as serious as those granting or denying dispositive motions, as well as those dealing with matters as pedestrian as a briefing schedule. However, to obtain a modification (particularly one involving a prior consent order), the party seeking it must present a principled good-cause basis for doing so that was not readily apparent at the time of its entry.

In this case, Riverside Hospital correctly points out that the typical briefing protocol in Virginia permits the party with the burden of persuasion to file the last brief. *See, e.g.*, Va. Sup. Ct. R. 5:29 (appellate reply brief); E.D. Va. Local Rule 7(E)(1) (rebuttal brief in trial court). From that premise, Riverside Hospital trains on the proposition that no "harm or prejudice" will befall Sentara Healthcare if the additional brief is filed. *See* Riverside Hospital Motion for Leave ¶ 3, at 2 (June 12, 2002). The no-harm-no-foul assertion, however, while arguably true at one level (assuming we put aside the time and money now spent by Sentara Healthcare dealing with an issue it thought had already been dealt with), nonetheless misses the larger point. The parties agreed to this scheduling order. The typical briefing protocol was equally known then as now. Nothing appears to have changed. Riverside Hospital does not assert, for example, that Sentara Healthcare's brief raised matters that

could not have been anticipated earlier. Nor does Riverside Hospital claim that the parties agreed to permit a final rebuttal brief but inadvertently left it out of their proposed consent order.

If scheduling orders are to play a role in administering procedural justice, they should be enforced in the absence of some demonstrable good cause not to do so. To be sure, a policy of not enforcing such orders would undermine the reliability of the judicial process and jeopardize the legitimacy of a host of other procedural rules which, like a mere scheduling order, provide a quieting predictability to litigants and courts alike.

In sum, Riverside Hospital has shown the Court no principled basis to modify the agreed-upon scheduling order so as to permit the filing of the proposed rebuttal memorandum. The Court, therefore, denies Riverside Hospital's motion for leave to file the brief and directs the Clerk of Court to mark it "lodged but not filed."[2] Because neither party has requested a hearing and also because oral argument would not likely aid in the decisional process, the Court declines to *sua sponte* set this matter for a hearing. *See* Va. Sup. Ct. R. 4:15(d). It is so ordered.

---

[2] Neither the Court's reasoning nor its result precludes Riverside Hospital from making any oral argument it chooses at the hearing on the motion to dismiss. Unlike appellate courts, *see, e.g., Bennett v. Commonwealth*, 35 Va. App. 442, 452, 546 S.E.2d 209, 213 (2001), trial courts do not treat as waived arguments presented by a party during oral argument that were not addressed in the legal briefs.