COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Clements
Argued at Richmond, Virginia


JOHN HENRY AGEE
                                              OPINION BY
v.    Record No. 1710-01-2        JUDGE ROSEMARIE ANNUNZIATA
                                            MARCH 25, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                      Edward L. Hogshire, Judge

               Vanessa E. Hicks, Assistant Public Defender
               (Office of the Public Defender, on brief),
               for appellant.

               Jennifer R. Franklin, Assistant Attorney
               General (Jerry W. Kilgore, Attorney General,
               on brief), for appellee.


     John Henry Agee, appellant, contends on appeal that the

trial court, in a bench trial, erred in finding the evidence

sufficient beyond a reasonable doubt to convict him of assault

on a law enforcement officer in violation of Code § 18.2-57(C).

For the reasons that follow, we affirm the decision of the trial

court.

                           Background

     When the sufficiency of the evidence is challenged on

appeal, "[w]e view the evidence in the light most favorable to

the Commonwealth, granting to it all reasonable inferences

fairly deducible from the evidence."  Cooper v. Commonwealth, 31

Va. App. 643, 646, 525 S.E.2d 72, 73 (2000).  So viewed, the evidence establishes that on October 27, 2000, Agee was involved in several verbal exchanges with James Herndon on Cherry Street in Charlottesville.  During one of the encounters, Agee had his hands in the waistband of his pants and threatened to shoot Herndon.

Officer David Heyden, of the Charlottesville Police, responded to two or three calls from Cherry Street on the evening in question.  Each time Officer Heyden and several other officers arrived on the scene in response to the calls, they were unable to locate Agee.  On the last occasion, they dispersed through the neighborhood to look for Agee.  Officer Heyden discovered Agee lying beneath a bush at the side of a house.  He shined his flashlight on Agee and asked him to come out from under the bushes with his hands up.[1]

Agee crawled from the bushes and fled, running towards the rear of the house, and Heyden gave chase.  Heyden rounded the corner of the building and saw Agee kneel on one knee.  The officer recognized Agee's stance as one used when preparing to fire a weapon.  As Heyden "took cover," he slipped in the mud and fell on his back.  At that moment, he heard "the racking of a weapon - a semi-automatic weapon of a slide."  Heyden is

---

[1] Agee stipulated at trial that he knew Officer Heyden was a law enforcement officer.

familiar with semi-automatic weapons and the sounds made when the weapon is "racked." However, he was unable to see the firearm. When he heard the sound of a gun being "racked," Heyden was "in fear of [his] life" and he took immediate cover to wait for other officers to arrive.

After Agee was apprehended by other officers, a search of his person, the area in which he was apprehended, and the area of the pursuit, yielded no weapon. He testified at trial that he did not have a firearm during his confrontation with Officer Heyden and denied kneeling on the ground during the chase. He also testified that he was not under a bush when Officer Heyden found him and that he never threatened to shoot anyone that evening.

### Analysis

On appeal, the judgment of a trial court sitting without a jury is afforded the same weight as a jury verdict, King v. Commonwealth, 217 Va. 601, 604, 231 S.E.2d 312, 315 (1975), and we will "not disturb the trial court's judgment unless it is 'plainly wrong or without evidence to support it.'" Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998) (quoting Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993)). We view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Cooper, 31 Va. App. at

646, 525 S.E.2d at 73. Moreover, "the credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).

Code § 18.2-57(C) states: "any person [who] commits an assault or an assault and battery against . . . a law enforcement officer . . . shall be guilty of a Class 6 felony." As defined by common law, an assault is

> "an attempt or offer, with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; . . . accompanied with circumstances denoting an intention coupled with a present ability, of using actual violence against the person of another."

Bennett v. Commonwealth, 35 Va. App. 442, 449, 546 S.E.2d 209, 212 (2001) (quoting Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955) (citation omitted)). Furthermore, "there must be an overt act or an attempt, or the unequivocal

- 4 -

appearance of an attempt, with force or violence, to do physical injury to the person of another." Merritt v. Commonwealth, 164 Va. 653, 658, 180 S.E. 395, 397 (1935).

Agee contends the assault elements were not established because Officer Heyden never saw a weapon and no weapon was recovered. In the absence of a weapon, Agee argues he did not have the "present ability" to use violence against the officer. The circumstantial evidence, however, establishes that Agee was carrying a weapon and, therefore, had the "present ability" to harm Officer Heyden.

"Circumstantial evidence is sufficient to prove guilt beyond a reasonable doubt so long as 'all necessary circumstances proved . . . exclude every reasonable hypothesis of innocence.'" McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). However, "the Commonwealth need only exclude reasonable hypotheses that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

In the case at bar, the chase occurred on a rainy evening, after midnight. As Heyden rounded the corner of the building, Agee assumed a stance the officer knew to be used by persons preparing to fire a weapon. The position in which Officer Heyden observed Agee was demonstrated to the court. Officer Heyden heard a "racking" sound made by a semi-automatic weapon, a sound with which he was familiar. Officer Heyden retreated to cover and radioed the other officers that Agee was armed. From this evidence, the trial court could reasonably infer that Agee made an "attempt" to do bodily harm to the officer and that he possessed a gun, giving him the "present ability" to do so. "Inferences . . . are elemental ingredients of the fact finding process." Morton v. Commonwealth, 13 Va. App. 6, 9, 408 S.E.2d 583, 584 (1991). "An inference . . . permits a finder of fact to conclude the existence of one fact from the proof of one or more other facts." Id.

Agee further contends that no overt act was proven and relies on our decision in Bennett, 35 Va. App. 442, 546 S.E.2d 209, to support his argument. In Bennett, the defendant threatened the officers verbally. The officers testified that Bennett was not armed and made no threatening gestures with his hands. The officers further saw no weapons inside his house. Based on the officers' testimony, there was no overt act or appearance of an attempt to physically harm them. Id. at 450,

- 6 -

546 S.E.2d at 212.  Conversely, in this case, Agee made a threatening gesture, kneeling on one knee in a stance Officer Heyden recognized as one used in firing a weapon, and had a gun in his possession as established by the sounds of a semi-automatic weapon "racking."

We find all the elements of the offense were proven and, accordingly, affirm the decision of the trial court.

<u>Affirmed.</u>