COURT OF APPEALS OF VIRGINIA


Present:  Judges Clements, Haley and Senior Judge Overton
Argued at Richmond, Virginia


DEMARR MARQUI HARVEY

MEMORANDUM OPINION[*] BY
v.      Record No. 0712-05-2                    JUDGE JEAN HARRISON CLEMENTS
                                                JUNE 6, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NEW KENT COUNTY
Thomas B. Hoover, Judge

Jean M. McKeen (Fitzgerald, Tomlin & McKeen, PLLC, on briefs),
for appellant.

Deana A. Malek, Assistant Attorney General (Robert F. McDonnell,
Attorney General; John H. McLees, Senior Assistant Attorney
General, on brief), for appellee.


Demarr Marqui Harvey (appellant) was convicted in a bench trial of attempted escape from

a correctional facility, in violation of Code §§ 18.2-26 and 53.1-203.  On appeal, he contends the

evidence was insufficient to support his conviction.  We disagree and affirm appellant's conviction.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

I.  BACKGROUND

Under familiar principles of appellate review, "[w]e view the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Agee v. Commonwealth, 40 Va. App. 123, 127, 578 S.E.2d 68, 69 (2003). "'In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)).

So viewed, the evidence established that, on August 6, 2004, officials at the Henrico County Regional Jail East conducted a routine post-dinner head count of the inmates held in that facility. Appellant was present in his assigned residential unit at the time. The inmates were subsequently prohibited from leaving their assigned residential units for the remainder of the day.

Shortly after the head count, appellant left his assigned residential unit. Carrying a pillowcase, facility-issued shirt, pocketknife, and set of keys, he exited the indoor portion of his assigned unit and entered an outdoor recreational area attached thereto. After climbing over the twelve-foot high concrete wall that enclosed the recreational area, appellant slid between the closed gates of an adjacent razor-wired fence and entered a large outdoor recreational yard that served the entire facility. Proceeding through the recreational yard, appellant entered a restricted area of the secured facility that was off-limits to inmates.

After proceeding through the restricted area past three additional residential units, appellant encountered a second razor-wired fence approximately two to three hundred yards from his residential unit. Two more fences stood between that fence and a wooded area immediately outside the secured perimeter of the facility. Headed in the direction of the wooded area, appellant grabbed hold of the razor-wired fence and started to climb.

An official who was conducting perimeter checks of the facility observed appellant running through the restricted area up to the second razor-wired fence. The official approached appellant as he attempted to climb the fence and asked him where he was going. Appellant stated that he was

going to see his daughter. The official summoned additional assistance, at which time appellant jumped off the fence and started to run back toward his assigned unit. Eventually, appellant was detained and taken to the medical unit for treatment of the razor-wire cuts observed on his ears. The pillowcase, shirt, pocketknife, and set of keys were obtained from his person.

Appellant was convicted of attempted escape from a correctional facility, in violation of Code §§ 18.2-26 and 53.1-203. This appeal followed.

## II. ANALYSIS

Appellant contends the evidence presented at trial was insufficient to support his conviction of attempted escape from a correctional facility. He maintains the evidence failed to prove he had the intent to escape the facility or that he committed an act in furtherance of that intent. At best, he argues, the evidence showed only that he was in an unauthorized area of the facility. We disagree.[1]

In reviewing the sufficiency of the evidence to support a conviction, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999).

---

[1] Appellant also contends, on appeal, that the trial court erred in applying Code § 18.2-26, the attempt statute, to Code § 53.1-203 to convict him of attempted escape from a correctional facility. He argues that Code § 18.2-26 applies only to offenses listed in Title 18 and, thus, does not apply to the escape from a correctional facility offense set forth in Code § 53.1-203. Having failed, however, to make this claim before the trial court, appellant is barred from raising it for the first time on appeal. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("The Court of Appeals will not consider an argument on appeal [that] was not presented to the trial court."). Moreover, our review of the record reveals no reason to invoke the "ends of justice" or "good cause" exceptions to Rule 5A:18.

"An attempt in criminal law is an apparent unfinished crime," Glover v. Commonwealth, 86 Va. 382, 385, 10 S.E. 420, 421 (1889), and "is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose," Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978). "The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987). "The specific intent in the person's mind may, and often must, be inferred from that person's conduct and statements." Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992). Furthermore, "where [specific] intent has been shown, any slight act done in furtherance of this intent will constitute an attempt." Fortune v. Commonwealth, 14 Va. App. 225, 229, 416 S.E.2d 25, 28 (1992). The requisite act "'need not be the last proximate act to the consummation of the crime in contemplation, but it is sufficient if it be an act apparently adopted to produce the result intended.'" Bottoms v. Commonwealth, 22 Va. App. 378, 383, 470 S.E.2d 153, 156 (1996) (quoting Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946)).

Viewed in the light most favorable to the Commonwealth, the evidence presented in this case proved the requisite elements of attempted escape, namely, that appellant intended to escape from the correctional facility in which he was incarcerated and that he committed an act apparently adopted to produce the result intended. The evidence established that, carrying items that could facilitate an escape, appellant impermissibly left his assigned unit, climbed a twelve-foot high wall attached thereto, and slid between the closed gates of an adjacent razor-wired fence. He then ran two to three hundred yards toward a wooded area that lay immediately outside the secured facility, entered an area of the facility that was off-limits to inmates, and started to climb the first of three remaining fences that separated him from that wooded area. When confronted by an official as he

was climbing the fence, appellant stated that he was going to see his daughter. When the official called for additional assistance, appellant attempted to flee, but was chased and ultimately detained.

Acting as fact finder, the trial court could properly infer from appellant's statement to the official and his egregious conduct that he had the specific intent to escape the facility and that he had committed a series of acts aimed at the consummation of that escape. Although appellant had not yet reached the final fence separating the secured facility from the wooded area, the combined acts he had committed, beginning with his leaving his assigned residential unit and culminating in his attempt to climb one of the last three remaining fences within the facility's secured perimeter, clearly transcended mere preparation and were performed in furtherance of the exclusive purpose of escaping the facility.

We hold, therefore, that the evidence was sufficient to support appellant's conviction of attempted escape from a correctional facility, in violation of Code §§ 18.2-26 and 53.1-203. Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>